IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALIYYUDDIN S. ABDULLAH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SMALL BUSINESS BANKING | : | NO.  14-5931 |
| DEPARTMENT OF THE BANK OF | : | |
| AMERICA | : | |
| THE SMALL BUSINESS BANKING | : | |
| DEPARTMENT OF WELLS FARGO | : | |
| BANK | : | |

<u>MEMORANDUM</u>

**JOYNER, J.**                                                                       **OCTOBER 31, 2014**

This is the third lawsuit that plaintiff Waliyyudin Abdullah has filed against the defendants based on allegations that they discriminated against him based on his race.  He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.      FACTS AND PROCEDURAL HISTORY

On January 18, 2013, plaintiff filed his first lawsuit against the defendants.  *Abdullah v. Small Business Banking Dep't of the Bank of Am.*, E.D. Pa. Civ. A. No. 13-305 (Document No. 1-1).  He alleged that, in December of 2012, he visited branches of Wells Fargo and Bank of America seeking a small business loan, and that neither bank responded to his inquiries or applications.  Plaintiff alleged that the defendants' failure to provide him with a loan must have been the product of race discrimination.

This Court construed the complaint as raising race discrimination claims under 42 U.S.C. § 2000d and 42 U.S.C. § 1981, and concluded that plaintiff had failed to state a claim under either statute. Plaintiff was given leave to file an amended complaint, which he did. *Id.* (Document No. 7.) However, that pleading was also deficient in that it failed to plead facts supporting plaintiff's bald allegations of race discrimination, so the Court dismissed it without leave to amend. On appeal, the Third Circuit summarily affirmed the dismissal of plaintiff's claims. *See Abdullah v. Small Business Banking Dep't of Bank of Am.*, 532 F. App'x 89, 90 (3d Cir. 2013) (per curiam).

On September 19, 2014, plaintiff filed a new lawsuit against the defendants. *See Abdullah v. The Small Business Banking Dep't of the Bank of Am.*, E.D. Pa. 14-5394 (Document No. 4). In his complaint, plaintiff reiterated the facts that formed the basis for his initial lawsuit. He also added new information reflecting that he again contacted the defendants about obtaining a loan in August of 2013 and during the summer of 2014. However, despite meeting and communicating with bank employees, plaintiff was not offered a small business loan. The Court dismissed plaintiff's complaint for failure to state a claim, concluding that plaintiff was "once again, speculating that the defendants failure to give him a small business loan is motivated by discrimination." (Oct. 2, 2014 Mem. at 1.) Plaintiff was not given leave to amend.

Apparently dissatisfied with the Court's ruling, plaintiff filed the instant case against the defendants. The factual allegations of the complaint and attached exhibits do not differ in any meaningful way from the complaint that the Court just dismissed in Civil Action No. 14-5394. Plaintiff alleges that he has a "legal right" to obtain a loan and that "[t]he only valid explanation [for the defendants' failure to provide him with a loan] has to be a type of discrimination by these banks. What this discrimination is based on has to be established in court."

##    II.     STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is malicious or fails to state a claim.  "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant."  *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice."  *Id.*  The Court may also consider exhibits attached to the complaint.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

##    III.    DISCUSSION

The Court will dismiss this case as malicious and for failure to state a claim.  As noted above, this is the fourth complaint in three actions that plaintiff has filed against the defendants based on their failure to provide him with a loan.  A month before plaintiff filed his complaint in this action, the Court dismissed an essentially identical complaint without leave to amend.  If plaintiff disagreed with that ruling, he could have moved for reconsideration or filed an appeal.  However, he may not initiate a new, repetitive lawsuit based on the same facts in an attempt to circumvent the Court's earlier ruling.  *Cf. Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)

(en banc) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints."); *Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts."). Such repetitive litigation is suggestive of an intent to vex or harass the defendants, and forces the Court to waste time on claims that it has already addressed and resolved. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose."). Accordingly, the Court will dismiss the complaint as malicious.

The Court will also dismiss the complaint for failure to state a claim. By now, plaintiff should be well aware that, to state a claim for intentional discrimination, he must do more than allege a series of unfortunate events and baldly conclude that the only explanation for those events is discrimination, as he has done here. *See Abdullah*, 532 F. App'x at 90 ("Here, appellant alleged that the only explanation for appellees' conduct was racial discrimination, but that is a legal conclusion not entitled to be assumed true."); *see also Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Furthermore, to the extent plaintiff is attempting to raise constitutional claims against the defendants, those claims fail because the defendants are private actors, as opposed to government actors. *See Rank v. Nimmo*, 677 F.2d 692, 702 (9th Cir. 1982) ("Although the private lender was subject to extensive federal regulation under the federal home loan guaranty program, this, alone, in our view, is insufficient to convert the actions of the private lender into governmental action."); *Steffens v. Am. Home Mortg. Servicing Inc.*, Civ. A. No. 10-1788, 2011

WL 901179, at *3 (D.S.C. Mar. 15, 2011) ("The court finds that participation in a program sponsored by the federal government is not enough to constitute action under the color of federal law.").

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint.  Plaintiff will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.